UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELLEN COTTER,

       Plaintiff,

v.

CASE NO.:

SOUTHERN TRANSCRIPTION
SERVICES, INC., a Georgia Profit
corporation; HANNAH BROOKS
MORRIS, Individually,

       Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ELLEN COTTER ("Plaintiff"), files this Complaint against Defendants, SOUTHERN TRANSCRIPTION SERVICES, INC., a Georgia Profit corporation; and HANNAH BROOKS MORRIS ("MORRIS"), Individually, (collectively "Defendants"), and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to obtain declaratory relief, a judgment against Defendants as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under 29 U.S.C. §216(b).

1

## PARTIES

3. At all times material to this action, Plaintiff was, and continues to be, a resident of Collier County, Florida.

4. At all times material to this action, SOUTHERN TRANSCRIPTION SERVICES, INC. was, and continues to be, a Foreign limited liability company, regularly engaged in business in Collier County, Florida.

5. Upon information and belief, at all times material to this action, Defendant MORRIS was, and continues to be, a resident of Bartow County, Georgia.

6. At all times material to this action, Defendant MORRIS maintained regular contacts with the State of Florida as the owner of STS, and through regular and direct contact with Plaintiff, MORRIS' and STS' employee in Florida.

7. Defendants regularly, on a daily basis throughout Plaintiff's employment, sent work to Plaintiff in Florida, and received the work Plaintiff prepared on Defendants' behalf in Florida.

8. At all times material to this action, Defendant MORRIS was the Owner of STS and regularly held and/or exercised the authority to hire and fire employees of STS, including Plaintiff.

9. At all times material to this action, Defendant MORRIS regularly held and/or exercised the authority to determine the work schedules for the employees of STS.

10. At all times material to this action, Defendant MORRIS regularly held and/or exercised the authority to control the finances and operations of STS.

11. By virtue of having held and/or exercised the authority to: (a) hire and fire employees of STS; (b) determine the work schedules for the employees of STS; and (c) control

the finances and operations of STS, Defendant, MORRIS, is an employer as defined by 29 U.S.C. §201 *et. seq.*

12. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

13. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

14. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

15. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

16. At all times material to this action, Defendant STS was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

17. The annual gross revenue of Defendant STS was in excess of $500,000.00 per annum during the relevant time periods.

18. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as computers.

19. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that she regularly communicated by telephone and email with Defendants' clients outside of the state of Florida, and also communicated by email and/or telephone with Defendants' business in Georgia from Florida on a daily basis, in furtherance of Defendants' business. Thus, she:

3

A. Communicated regularly with Defendants, doctors and offices outside of Florida;

B. Operated instrumentalities to conduct communication related to out-of-state commerce;

C. Arranged to have goods, such as finalized transcriptions, transported to or from out-of-state in commerce;

D. Used channels of commerce;

E. Communicated across state lines; and/or

F. Performed work essential to any of the preceding activities.

20. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants, in that Defendants' business is providing transcription services, and Plaintiff was responsible for preparing transcriptions.

## STATEMENT OF FACTS

21. In approximately December 2011, Defendants hired Plaintiff to work as a non-exempt, medical transcriptionist for Defendants' transcription services company.

22. Plaintiff's job duties included, but were not limited to, transcribing doctors' reports, and calling doctors' offices to resolve questions related to the reports.

23. At various times from approximately December 2011 through November 6, 2015, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

24. From approximately December 2011 through November 6, 2015, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in one or more workweeks.

25. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's

regular rate of pay for all hours that Plaintiff worked in excess of forty (40) hours in one or more workweeks, as required by the FLSA.

26. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants. However, Defendants have provided same to Plaintiff.

27. Defendants have violated Title 29 U.S.C. §207 from at least approximately December 2011 through at least November 6, 2015, in that:

> A. Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants; and
>
> B. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA.

28. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, because Defendants knew or reasonably should have known that Plaintiff was a non-exempt employee subject to the overtime provisions of the FLSA, and had specific knowledge that Plaintiff worked over forty hours in many workweeks, but nonetheless failed to pay Plaintiff any overtime premiums at all.

29. Effective December 28, 2015, Plaintiff and Defendants entered into a tolling agreement to toll the statute of limitations as to the claims raised in this litigation. This agreement provided that the agreement could be cancelled upon five days' notice. Plaintiff provided this notice to Defendant on April 3, 2017.

30. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

31. Plaintiff re-alleges paragraphs 1 through 30 of the Complaint, as if fully set forth herein.

32. From approximately December 2011 through November 6, 2015, Plaintiff worked hours in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

33. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours.

34. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours in one or more workweeks when they knew, or should have known, such was, and is, due.

35. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours in one or more workweeks, plus liquidated damages.

36. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests: (a) a judgment entered in her favor and against Defendants for actual and liquidated damages; (b) a declaration that Defendants' conduct violated the FLSA; and (c) costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 17th day of April, 2017.

                Respectfully Submitted,

                _/s/ Angeli Murthy_
                Angeli Murthy, Esquire
                FBN: 088758
                MORGAN & MORGAN, P.A.
                600 N. Pine Island Road
                Suite 400
                Plantation, FL 33324
                Tel: 954-318-0268
                Fax: 954-327-3016
                E-mail: amurthy@forthepeople.com
                _Trial Counsel for Plaintiff_