UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELLEN COTTER,

    Plaintiff,

v.                                Case No: 2:17-cv-209-FtM-29CM

SOUTHERN TRANSCRIPTION
SERVICES, INC. and HANNAH
BROOKS MORRIS,

    Defendants.

### REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal with Prejudice (Doc. 20) filed on August 2, 2017. The parties provided a copy of the Settlement Agreement and Mutual General Release of Claims for the Court's review. Doc. 21-1. The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. Doc. 20. For the reasons set forth herein, the Court recommends that the settlement be **APPROVED** and the case be dismissed with prejudice.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court may consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiff's success on the merits; (5) the range of possible recovery; and (6) the

opinions of the counsel. *See, e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Dorismond v. Wyndham Vacation Ownership, Inc.*, 2014 WL 2861483, at *2 (M.D. Fla. June 24, 2014).

Here, Plaintiff Ellen Cotter filed a Complaint and Demand for Jury Trial ("Complaint"), seeking recovery of overtime compensation under the FLSA against Defendants Southern Transcription Services, Inc. ("STS") and Hannah Brooks Morris ("Morris") (collectively, "Defendants"). Doc. 1. STS is a foreign limited liability company that regularly engages in business in Collier County, Florida. *Id.* ¶ 4. Morris was the owner of STS and exercised the authority to hire and fire the employees of STS and determine their work schedules. *Id.* ¶¶ 8, 11. The Complaint alleges that Plaintiff worked as a non-exempt medical transcriptionist for Defendants approximately from December 2011 to November 6, 2015. *Id.* ¶¶ 21, 23. Plaintiff alleges that although she worked in excess of forty (40) hours within a workweek at various times, she was not paid any overtime premium for overtime hours worked. *Id.* ¶¶ 23-24.

In the proposed settlement agreement, Defendants agree to pay Plaintiff a settlement amount totaling twenty-one thousand dollars ($21,000.00) in consideration of Plaintiff's underlying claims for unpaid wages and liquidated damages and her general release of claims. Doc. 21-1 ¶ 3. The settlement provides that Plaintiff will receive nine thousand dollars ($9,000.00) for wages, another nine thousand dollars ($9,000.00) for liquidated damages, and three thousand dollars ($3,000.00) for Plaintiff's general release. *Id.* In addition to the monetary

consideration, Defendants also are providing Plaintiff with a reciprocal general release.  *Id.* ¶ 5(a).  Defendants also will pay to Plaintiff's counsel the sum of twelve thousand dollars ($12,000.00) as reasonable attorney's fees and costs, which were negotiated separately from the amount of settlement funds to be paid to Plaintiff.  *Id.* ¶ 3.

The parties state that they reached the settlement after conducting sufficient discovery and exchanging enough information to evaluate the parties' claims and defenses.  Doc. 20 at 4.  Plaintiff represents that the negotiated amount of settlement funds to be paid to her is reasonable in light of her burden to prove overtime hours worked and uncompensated wages and the uncertainties and costs of litigation.  *Id.*  Based on the Court's review of the settlement agreement, the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends the proposed settlement to be a fair and reasonable compromise of the dispute.

In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).  Pursuant to *Bonetti,* 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.  If these matters are addressed independently and seriatim, there is no reason to assume that

the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorney's fees and costs were agreed upon separately and without regard to the amount paid to Plaintiff. Doc. 20 at 5. As noted, as part of the settlement, Defendants agree to pay Plaintiff's attorney's fees and costs in the amount of $12,000.00. Doc. 21-1 ¶ 3.

The Court further notes that the proposed settlement agreement contains a mutual general release of claims. Doc. 21-1 ¶ 5. In FLSA cases, general releases typically are disfavored because "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) (holding that the proposed FLSA settlement agreement was unfair and precludes evaluation of the compromise because of the pervasive and unbounded scope of the release). This court as well as other courts within this district have approved general releases in FLSA cases when the plaintiff receives compensation that is separate and apart from the benefits to which plaintiff is entitled under the FLSA. *Davis v. JP Sports Collectibles Inc.*, No. 2:16-cv-154-FtM-CM, 2016 WL 7474571, at *2 (M.D. Fla. Dec. 29, 2016) (approving the settlement agreement with mutual general releases because the plaintiffs received independent consideration for their individual general releases); *Weldon v. Backwoods Steakhouse, Inc.*, 6:14–cv–79–Orl–37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014); *Buntin v. Square Foot Management Company, LLC*, 6:14–cv–1394–Orl–37GJK, 2015 WL 3407866, at *2 (M.D. Fla. May 27, 2015); *Raynon v.*

*RHA/Fern Park MR., Inc.*, 6:14–cv–1112–Orl–37TBS, 2014 WL 5454395, at *3 (M.D. Fla. Oct. 27, 2014).

In *Buntin*, the court approved a settlement agreement that contained a general release because it was supported by independent consideration apart from that owed to him under the FLSA, specifically a mutual general release and a specific neutral reference by defendant. *Buntin*, 2015 WL 3407866, at *3. Other courts also have found mutual general releases to confer a benefit on plaintiff, and thus acceptable. *Capers v. Noah's Ark Repair Serv., Inc.*, No. 6:11-cv-457-ORL-28TB, 2013 WL 3153974, at *3 (M.D. Fla. June 19, 2013) (approving agreement as fair and reasonable where containing a mutual general release, finding that "[it] also confer[s] a benefit upon Plaintiff."); *Vergara v. Delicias Bakery & Rest., Inc.*, No. 6:12–cv–150–Orl–36KRS, 2012 WL 2191299, at *2–3 (M.D. Fla. May 31, 2012), report and recommendation adopted, 2012 WL 2191492 (M.D. Fla. Jun.14, 2012) (approving settlement agreement where general release by employee was exchanged for a mutual release by employer).

Here, the parties assert that the mutual general release is important to each party to ensure that there will not be future litigation on events arising prior to approval, including claims that Defendants may have against Plaintiff. Doc. 20 at 2. Furthermore, Defendants agree to pay an additional $3,000.00 as consideration for Plaintiff's general release of claims. Doc. 21-1 ¶ 3. Because this compensation and Defendants' reciprocal general release constitute sufficient independent consideration for Plaintiff's general release, the Court recommends that the parties'

mutual general release of claims does not render the agreement unfair or unreasonable. Doc. 21-1 ¶¶ 3, 5; *see Buntin*, 2015 WL 3407866, at \*3 (approving a settlement agreement with a general release because it was supported by a mutual general release and a specific neutral reference by the defendant).

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal with Prejudice (Doc. 20) be **GRANTED,** and the Settlement Agreement and Mutual General Release of Claims (Doc. 21-1) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiff.

**DONE** and **ENTERED** in Fort Myers, Florida on this 7th day of August, 2017.

*/s/ Carol Mirando*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record